Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Linda A. Breazeale; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Winn Law Group, APC; and Harvest Credit Management IV, LLC; | |
| Defendants. | (Jury Trial Demanded) |

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

### II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.

Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.

4. Plaintiff is a natural person allegedly obligated to pay a debt.

5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

6. Defendant Winn Law Group, APC (hereinafter "Winn") is a California corporation collecting debts within the State of Arizona.

7. Winn collects or attempts to collect debts owed or asserted to be owed or due another.

8. Winn is a "debt collector" as that term is defined by FDCPA § 1692a(6).

9. Defendant Harvest Credit Management IV, LLC ("Harvest") is Delaware limited liability company.

10. Harvest collects or attempts to collect debts under the trade name of Harvest Credit Management, LLC.

11. Harvest collector attempts to collect debts owed or asserted to be owed or due another.

12. Harvest is a "debt collector" as that term is defined by FDCPA § 1692a(6).

13. At all times relevant herein, Winn was the attorney for Harvest, and was acting on authority from Harvest to assist in attempting to collect a debt.

## IV. Factual Allegations

14. Several years ago, Plaintiff incurred a consumer debt which was subsequently assigned or sold to Harvest for collection purposes.

15. Harvest subsequently assigned the debt to Winn for collection purposes.

16. The alleged debt was incurred for personal, family, or household purposes.

17. On May 2, 2011, Plaintiff learned that her bank accounts with JPMorgan Chase Bank in Arizona had been frozen.

18. Plaintiff immediately contacted her bank and learned that Winn, as attorney for Harvest, had filed and served a writ of execution on Chase bank requesting that Chase "LEVY ON ANY AND ALL ACCOUNTS AND SAFE DEPOSIT BOXES STANDING IN THE NAME OF [Plaintiff]".

19. The original judgment was entered in the State of Oregon some time prior to 2011.

20. Winn or Harvest filed to have the Oregon judgment domesticated in California.

21. Under California Code of Civil Procedure, Defendants were required to serve Plaintiff the notice of entry of judgment. *See* Cal Code Civ Proc § 1710.30.

22. Plaintiff was never served with the notice of entry of judgement.

23. California Code of Civil Procedure also requires that:
    (a) "… a writ of execution on a judgment entered pursuant to this chapter shall not issue, nor may the judgment be enforced by other means, until

- 3 -

> at least 30 days after the judgment creditor serves notice of entry of judgment upon the judgment debtor…."

See Cal Code Civ Proc § 1710.45.

24. At the time Defendants filed for their writ of execution, and served it upon Plaintiff's bank, they had not complied with the requirements of the California Civil Code concerning domestication of foreign judgments.

25. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, embarrassment, humiliation, loss of opportunity, and emotional distress.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

26. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

27. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692g.

28. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

- 4 -

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Costs and reasonable attorney's fees pursuant to the FDCPA; and

d) Such other relief as may be just and proper.

DATED   April 25, 2012  .

                                            s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff